UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD DEWAYNE NELSON,<br><br>                Plaintiff,<br><br>   v.<br><br>VERONICA ALICEA GALVAN, *et al.*,<br><br>                Defendants. | Case No.  C21-0195-RAJ-MAT<br><br>REPORT AND RECOMMENDATION |

      This is civil rights action filed under 42 U.S.C. § 1983.  Plaintiff Richard Nelson is currently confined at the Maleng Regional Justice Center in Kent, Washington where he is awaiting trial on charges of second-degree murder and second-degree assault. (*See* Dkt. 4 at 2, 5.) Plaintiff presented his complaint to the Court for filing on February 12, 2021 together with an application to proceed with this action *in forma pauperis*.  (*See* Dkt. 1.)  Plaintiff alleged in his complaint that he had been denied his right to a speedy trial, that an excessive bail was requested by the prosecutor and granted by the trial court, and that the certification for determination of probable cause contained perjured statements in violation of state law.  (*See* Dkt. 4 at 5-12.) Plaintiff identified King County Superior Court Judge Veronica Galvan, King County Prosecutor Daniel Satterberg, Federal Way Police Detective Richard Kim, and defense attorney Ramona Brandes as defendants in this action. (*See id*. at 3-4.)  Plaintiff requested damages.  (*Id*. at 13.)

REPORT AND RECOMMENDATION - 1

On March 10, 2021, this Court issued an Order granting plaintiff's application to proceed *in forma pauperis* and his complaint was filed.[1]  (Dkts. 3, 4.)  On the same date, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed after concluding that plaintiff had not identified any viable cause of action in his complaint.  (Dkt. 5.)  The Court explained in the Order to Show Cause that resolution of the claims asserted by plaintiff in his complaint would necessarily result in this Court becoming involved in plaintiff's ongoing state court proceedings, and that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate.  (*Id*. at 2, citing *Younger v. Harris*, 401 U.S. 37 (1971).)  Plaintiff was advised that his complaint did not reveal any extraordinary circumstances which would justify this Court's intervention in his state court criminal proceedings.  (*Id*.)

The Court also explained in the Order to Show Cause that three of the four individuals named as defendants in his complaint were not subject to suit under § 1983.  Specifically, the Court noted that Judge Galvan and Mr. Satterberg were immune from liability in this action (*id*. at 2-3, citing *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983); *Imbler v. Pachtman*, 424 U.S. 409 (1976)), and that Ms. Brandes was not a state actor for purposes of bringing suit under § 1983 (*id*. at 3, citing *Polk County v. Dodson*, 454 U.S. 312 (1981)).  The Court further noted that plaintiff's claim against the remaining defendant, Detective Kim, did not allege any violation of  a federal

---

[1] After granting plaintiff leave to proceed *in forma pauperis*, the Court received a letter from plaintiff expressing his confusion about being charged a partial filing fee despite the Court's finding that he was unable to afford the filing fee. (Dkt. 6.) Plaintiff indicates he understood from reading the *in forma pauperis* application materials that if his application was granted, the fee would be waived. (*Id*.) However, as a part of his *in forma pauperis* application, plaintiff submitted a signed Acknowledgement and Authorization form in which he expressly acknowledged his responsibility to pay the full $350 filing fee and authorized the agency having custody of him to collect an initial partial filing fee *and* monthly payments from his account and forward them to the Court until the filing fee is paid in full. (*See* Dkt. 1 at 3.) This process is in accordance with 28 U.S.C. § 1915(b) which requires the Court to collect a filing fee from all prisoner plaintiffs, including those granted leave to proceed *in forma pauperis*.

REPORT AND RECOMMENDATION - 2

constitutional right. (*Id*.) Plaintiff was given thirty days within which to respond to the Order to Show Cause and was advised that failure to timely respond to the Order would result in a recommendation that this action be dismissed. (*Id*. at 4.) To date, plaintiff has filed no response to the Order to Show Cause.

When a complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to identify in his complaint any viable claim for relief, and because he failed to respond in any fashion to the Order to Show Cause, this Court recommends that plaintiff's complaint and this action be dismissed, without prejudice, pursuant to § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 21, 2021**.

DATED this 28th day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3